# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                               Case No. 10-11675-WRS
                                          Chapter 7

KENNETH E. GOLDEN
BILLIE M. GOLDEN,

         Debtors

KENNETH GOLDEN and
BILLIE GOLDEN,

         Plaintiffs                                 Adv. Pro. No. 16-1144-WRS

    v.

CARRINGTON MORTGAGE
SERVICES LLC,

         Defendant

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court on Defendant Carrington Mortgage Services, LLC's, Motion to Dismiss. (Doc. 9). Plaintiffs Kenneth and Billie Golden filed a memorandum opposing the motion. (Doc. 13). Carrington Mortgage filed a reply. (Doc. 14). The Court conducted a hearing on the matters on April 11, 2017. The question is whether a complaint is sufficient to survive a Fed. R. Civ. P. 12(b)(6) Motion when it merely alleges that a mortgage holder violated the discharge injunction by sending routine notices concerning mortgage servicing and foreclosure to a debtor after a discharge in bankruptcy. For the reasons set forth below, the motion is GRANTED and this Adversary Proceeding is DISMISSED WITH PREJUDICE.

# I. FACTS

The Goldens filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on August 30, 2010, initiating Case No. 10-11675. They falsely represented that they did not own any real property on Schedule A and they did not schedule Defendant Carrington Mortgage as the holder of a secured claim on Schedule D. (Case No. 10-11675, Doc. 1). The Goldens reported a foreclosure suit in their Statement of Financial Affairs but inaccurately indicated its status as having been disposed of by way of a judgment. In fact, a foreclosure suit was filed against the Goldens in Florida State Court but it was still pending at the time they filed their Chapter 7 petition here. Moreover, the Debtor's made no mention of the property in their Statement of Intention.

On October 15, 2010, BAC Home Loans (which appears to be Carrington's predecessor in interest) filed a Motion for Relief From the Automatic Stay. (10-11675, Doc. 16). This Court granted the motion on November 10, 2010. (10-11675, Doc. 26). Subsequently, the Goldens received a Chapter 7 discharge on December 21, 2010. (Case No. 10-11675, Doc. 30).

On December 20, 2016, the Goldens filed a complaint alleging that Carrington violated the discharge injunction and the Fair Debt Collection Practices Act ("FDCPA"). (Doc. 1). Specifically, the Debtors stated that Carrington mailed them Mortgage Statements, Delinquency Notices, Notices of Lender Placed Hazard Coverage, and a Notice of Intent to Foreclose. The Goldens alleged that Carrington "has absolutely no legitimate reason to correspond with Plaintiffs regarding the Property." (Doc. 1, Para. 37). The Goldens now seek damages for the alleged violations of the discharge injunction and the FDCPA.

2

## II.  LAW & ANALYSIS

The question here is whether a complaint, alleging that a mortgage holder violates the discharge injunction when it sends routine notices concerning mortgage servicing and foreclosure, states a claim for which relief may be granted.  The Court will consider the scope of the discharge injunction and delineate permissible conduct involving routine mortgage servicing from impermissible conduct violating the discharge injunction.

### A.  Jurisdiction and Core Proceeding

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b); Green Point Credit, LLC v. McLean (In re McLean), 794 F.3d 1313, 1318-19 (11th Cir. 2015).  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).  This is a final order.

### B.  Standard for Granting a Motion to Dismiss

Motions to dismiss are governed by Rule 12(b)(6), Fed. R. Civ. P., which is made applicable to this proceeding by Rule 7012, Fed. R. Bankr. P.  The standard applied when considering a motion to dismiss was recently described by the Eleventh Circuit as follows:

> To survive a motion to dismiss, a complaint must allege enough well-pled facts, accepted as true and construed in favor of the plaintiff, to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). For a claim to be facially plausible, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant, and instead must offer sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) . Allegations that are no more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" are not well-pled facts that must be accepted as true

3

and will not be sufficient to withstand a motion to dismiss. Id. at 678, 129 S.Ct. 1937 (internal quotation marks omitted; alteration adopted); see also Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal.")

Jones v. Citimortgage, Inc., 666 Fed. Appx. 766, 772 (11th Cir. 2016).

## C. The Discharge Injunction

### 1. Test to Determine if a Violation of the Discharge Injunction Occurred

A discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). While the statute does not specifically provide for damages, courts frequently award actual damages under a court's inherent contempt powers. Hardy v. United States (In re Hardy), 97 F.3d 1384, 1389 (11th Cir. 1996) (citing to 11 U.S.C. § 105). In addition, sanctions and costs may be awarded in appropriate cases. Id. In Jove Engineering, Inc., v. IRS, the Eleventh Circuit established a two-part test for cases involving violations of the automatic stay—(1) whether the defendant knew that the automatic stay was invoked and (2) whether the defendant intended the actions which violated the automatic stay. 92 F.3d 1539, 1555–56 (11th Cir. 1996). The Eleventh Circuit thereafter adopted this test for use in cases involving violations of the discharge injunction—(1) whether the defendant knew that the discharge injunction was invoked and (2) whether the defendant intended the action which violated the discharge injunction. Hardy, 97 F.3d at 1390.

4

The relevant part here is not whether the defendant "knew" of the discharge injunction[1], but whether it "intended" to violate the injunction.

### 2. Acts That Do Not Violate the Discharge Injunction

Acts intended to collect a debt "as a personal liability of the debtor" after a discharge in bankruptcy potentially make the actor liable to the debtor for any resulting damages. 11 U.S.C. § 524. However, it is well established that a discharge in bankruptcy does not affect the attachment of a mortgage to property of the debtor. Johnson v. Home State Bank, 501 U.S. 78, 82 (1991) (stating that a discharge in bankruptcy extinguishes only the personal liability of the debtor but that the creditor's right to foreclose on the mortgage survives the bankruptcy); Long v. Bullard, 117 U.S. 617 (1886); Wrenn v. American Cast Iron Pipe Co., (In re Wrenn), 40 F.3d 1162, 1164 (11th Cir. 1994) (a discharge in bankruptcy does not affect liability *in rem,* and prepetition liens remain enforceable after discharge); Holloway v. Southeast Alabama Med. Ctr. (In re Holloway), 254 B.R. 289, 292 (Bankr. M.D. Ala. 2000). As mortgages survive a discharge in bankruptcy, it necessarily follows that acts reasonably taken to service or foreclose a mortgage do not violate the discharge injunction.

There is considerable case law supporting the proposition that acts reasonably taken to service a mortgage or to foreclose a mortgage do not violate the discharge injunction, even if the debtor discharged his personal liability on the indebtedness secured by the mortgage. Last year, this Court handed down a decision dismissing a complaint that alleged a violation of the

---

[1] On December 23, 2010, the Bankruptcy Noticing Center sent by first class mail a copy of this Court's Discharge of Debtor, which granted the debtor a discharge under 11 U.S.C. § 727. (Case 10-11675, Doc. 31). Thus, it is apparent that the Defendant, as predecessor to BAC Home Loans, knew that the discharge injunction was invoked..

automatic stay, holding that the acts of sending monthly mortgage statements and notices concerning hazard insurance did not violate the automatic stay.  Thomas v. Seterus, Inc., (In re Thomas), 554 B.R. 512 (Bankr. M.D. Ala. 2016).

Other courts have also held that acts taken to service or foreclose a mortgage do not violate the automatic stay.  Morris v. Wells Fargo, N.A., (In re Morris), 514 B.R. 658 (Bankr. N.D. Ala. 2014) (holding that giving notice of default, inspecting property and taking other action preceding a foreclosure did not violate the automatic stay).  While others have similarly held that such acts do not violate the discharge injunction.  Henriques v. Green Tree Servicing, LLC, (In re Henriquez), 536 B.R. 341 (Bankr. N.D. Ga. 2015) (holding that informational letters and notices concerning force placed insurance did not violate the discharge injunction); Mele v. Bank of America Home Loans, (In re Mele), 486 B.R. 546 (Bankr. N.D. Ga. 2013) (holding that sending informational statements and inquiring whether the Debtor intended to remain in the home did not violate the discharge injunction); Giles v. James B. Nutter & Co., (In re Giles), 502 B.R. 892 (Bankr. N.D. Ga. 2013).   Where, as here, a creditor has the right to foreclose a mortgage and where the creditor is required to give the debtor certain notices either under the terms of the mortgage or applicable law, it necessarily follows that the giving of such notices does not violate the discharge injunction.  Moreover, until the time the mortgage is foreclosed, and for a period thereafter, the debtor has a right to redeem the property from the creditor upon the payment of the amount due.  A creditor who does not advise the debtor as to how much is due on the mortgage impinges upon the debtor's right of redemption.   Debtors should not permitted to "game the system" where creditors are found to violate the discharge injunction if they give various notices and violate applicable state law if they do not.  A creditor who acts reasonably

6

and in good faith should not be placed on the horns of a dilemma. The point is, that to lawfully foreclose a mortgage, a mortgagee must send certain notices to the mortgagor. If the act of providing these notices is unlawful, the mortgagee's right to foreclose is destroyed and, by extension, the mortgage itself is destroyed as well.

This is not to say that a mortgage servicer may never be found to have violated the discharge injunction. See, Nibbelink v. Wells Fargo Bank, N.A. (In re Nibbelink), 403 B.R. 113 (Bankr. M.D. Fla. 2009) (holding that egregious actions by mortgagee that made mortgagor unable to refinance their home violated the discharge injunction); see also, Collins v. Wealthbridge Mortgage Corp., (In re Collins), 474 B.R. 317 (Bankr. D. Maine 2012) (holding that collection letters sent after the foreclosure sale had been completed violated the discharge injunction). However, the mortgagee must show that the mortgage servicer did something in addition to routine mortgage servicing or foreclosure processing to prove that the mortgage servicer "intended" to violate the discharge injunction.

In the case at bar, the Goldens failed to alleged that the creditor did anything beyond routine mortgage loan servicing. After one strips the Goldens' complaint of its hyperbole, its conclusory allegations, and legal conclusions, very little of substance is left. The well-plead facts that remain are unremarkable and fail to allege that the Creditor intended to violate the discharge injunction. Thus, the complaint in this case does not state a claim for which relief may be granted.

### 3. The Plaintiffs' Arguments Lack Merit

The Goldens allege in their complaint that "Defendant has absolutely no legitimate reason to correspond with Plaintiffs regarding the Property." (Doc. 1, Para. 37). That assertion is

7

contrary to the rule of <u>Long v. Bullard</u> as well as more than a century of case law; it necessarily must fall of its own weight. Clearly, Carrington has the right to foreclose its mortgage. If the Plaintiffs' argument were to prevail, a secured lender would be deprived of its mortgage—a property interest—contrary to the plain language of the Bankruptcy Code and the rule of <u>Long v. Bullard</u>.

The Golden's complaint states that they vacated the property subject to the mortgage in "early 2010," which is prior to the filing a their petition. (Doc. 1, Para. 13). They further allege—disingenuously—that this is why they did not schedule the indebtedness on the mortgage on Schedule D. (Doc. 1, Para 10). The fact that the Goldens moved out of their house did not effect a transfer of title to the mortgagee, nor did it change the status of their obligation under the mortgage. To be sure, when the Golden's received their Chapter 7 discharge, they were relieved of their personal obligation under the mortgage, prior to that time, their obligation was unaffected by their change of address. Thus, the mortgagee had a "legitimate reason" to contact Debtor about the mortgage servicing and foreclosure.

### 4. Plaintiffs' FDCPA Claim Necessarily Fails

The Plaintiffs bring a claim under the Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692) in addition to their claim of a violation of the discharge injunction. This claim depends upon Plaintiffs successfully establishing a violation of the discharge injunction. The Court will not reach the question here as to whether a violation of the discharge injunction is a violation of the FDCPA. As the Plaintiffs complaint fails to establish a violation of the discharge injunction, their FDCPA claim necessarily fails. This decision should not be read for the

proposition that a violation of the discharge injunction necessarily entails a violation of the FDCPA.

## III.  CONCLUSION

This Court categorically rejects the Goldens' assertion that Carrington "has absolutely no legitimate reason to correspond with Plaintiffs regarding the Property."  The discharge in bankruptcy does not destroy Carrington's mortgage and it retains a legal right to foreclose its mortgage and, by extension, to do all necessary acts to foreclose its mortgage.  The Debtor's complaint lacks well-pled facts supporting a finding that Carrington "knew" the discharge injunction was in place and that Carrington "intended" to violate the injunction.  When the complaint is stripped of its hyperbole and unfounded conclusions, it is left with nothing but allegations of routine mortgage servicing that fail to state a claim for which relief may be granted.  The Court will, by way of a separate document, grant Carrington's Motion to Dismiss and DISMISS this Adversary Proceeding WITH PREJUDICE.

Done this 12th  day of May, 2017.

_Willi Rp_

United States Bankruptcy Judge


c: Anthony B. Bush, Attorney for Plaintiffs
   Martin Brent Yarbrough, Attorney for Defendant